UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

KEVIN AND DENETIA FISHER                CIVIL ACTION

VERSUS                                  NO: 09-2076

ALLSTATE INSURANCE COMPANY              SECTION: R(5)


**ORDER AND REASONS**

Before the Court is defendant Allstate Insurance Company's motion for summary judgment.[1] For the following reasons, Allstate's motion is GRANTED.


**I.   BACKGROUND**

Plaintiffs Kevin and Denetia Fisher own property in Slidell, Louisiana insured by an Allstate Write-Your-Own (WYO) flood insurance policy pursuant to the National Flood Insurance Program (NFIP). The policy insures building damage up to $176,300 and contents up to $20,000. To date, Allstate has paid the Fishers

---

[1] (R. Doc. 15.)

$159,786.63 for building damage and $20,000 for contents. The Fishers claim that they are entitled to the remaining $16,513.37 of their policy limit. Allstate asserts that plaintiffs have failed to submit a proper proof of loss and supporting documentation with respect to this amount. The Fishers have not opposed Allstate's motion for summary judgment.

**II. STANDARD**

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."[2] When assessing whether a dispute as to any material fact exists, the Court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence."[3] All reasonable inferences are drawn in favor of the nonmoving party, but "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for

---

[2] Fed. R. Civ. P. 56(c)(2); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

[3] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398 (5th Cir. 2008).

summary judgment."[4]

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'"[5] The nonmoving party can then defeat the motion by either countering with sufficient evidence of its own, or "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party."[6]

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim.[7] The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue

---

[4] *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985); *Little*, 37 F.3d at 1075.

[5] *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263-64 (5th Cir. 1991).

[6] *Id.* at 1265.

[7] *Celotex*, 477 U.S. at 325.

exists.[8]  The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue for trial.[9]

**III. DISCUSSION**

The NFIP was established by the National Flood Insurance Act (NFIA)[10] and is administered through the Federal Emergency Management Agency (FEMA).[11]  FEMA sets the terms and conditions of all federal flood insurance policies, and these policies must be issued in the form of a Standard Flood Insurance Policy (SFIP).[12]

Although a SFIP may be issued by a WYO insurance provider directly to consumers, "[p]ayments on SFIP claims come ultimately from the federal treasury."[13]  Because the federal treasury is implicated in the payment of flood claims, the provisions of an

---

[8] *Id.* at 324.

[9] *See, e.g., id.* at 325; *Little*, 37 F.3d at 1075; *Isquith for and on Behalf of Isquith v. Middle South Utils., Inc.*, 847 F.2d 186, 198 (5th Cir. 1988), *cert. denied*, 488 U.S. 926 (1988).

[10] 42 U.S.C. §§ 4001, *et seq.* (2006).

[11] *Wright v. Allstate Ins. Co.*, 415 F.3d 384, 386 (5th Cir. 2005).

[12] *Gowland v. Aetna*, 143 F.3d 951, 953 (5th Cir. 1998).

[13] *Wright*, 415 F.3d at 386.

4

SFIP must be strictly construed and enforced.[14] SFIP provisions cannot "be altered, varied, or waived other than by the express written consent of the [Federal Insurance] Administrator."[15] Thus, an insured may not file a lawsuit against his WYO insurer "unless [he has] complied with all the requirements of the [SFIP]."[16] The SFIP provides that a signed and sworn proof of loss including specific information must be submitted within 60 days of a loss.[17] FEMA has extended this requirement with respect to Katrina claims to one year.[18] The Fifth Circuit holds that a "failure to provide a complete proof of loss statement in accordance with the policy requirements will excuse the federal insurer's obligation to pay on an otherwise valid claim of loss."[19]

---

[14] *Id.* at 387; *Gowland*, 143 F.3d at 954.

[15] 44 C.F.R. § 61.13(d); *Gowland*, 143 F.3d at 953.

[16] 44 C.F.R. pt. 61, app. A(1), art. VII(R).

[17] 44 C.F.R. pt. 62, app. A(1), art. VII(J)(4).

[18] *Marseilles Homeowners Condominium Assoc., Inc. v. Fidelity Nat'l Ins. Co.*, 542 F.3d 1053, 1057 (5th Cir. 2008); *Richardson v. Am. Bankers Ins. Co.*, 279 F. App'x 295, 298-99 (5th Cir. 2008) (*per curiam*).

[19] *Durkin v. State Farm Mut. Ins. Co.*, 3 F. Supp. 2d 724, 727-28 (E.D. La. 1997) (citing authorities); *Gowland*, 143 F.3d at 953;; *Marseilles*, 542 F.3d at 1055-56; *Richardson*, 279 F. App'x at 298; *Wientjes v. Am. Bankers Ins. Co. of Fla.*, 339 F. App'x 483, 484-85 (5th Cir. 2009).

The Fishers allege that their property was damaged during Hurricane Katrina in August 2005, and they had one year to file a proper proof of loss. The Fishers have not created an issue of fact that they did so, and therefore the Fishers are barred from asserting a SFIP claim. Furthermore, the Fisher's extracontractual state law claims are legally barred because "federal law governs disputes that arise from insurance policies issued under the NFIA" and preempts remedies not permitted under the federal flood insurance scheme.[20]

## IV. CONCLUSION

For the reasons stated, State Farm's motion for summary judgment is GRANTED.

New Orleans, Louisiana, this 24th day of March, 2010.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[20] *Wright*, 415 F.3d at 386 (holding that "state law tort claims arising from claims handling by a WYO are preempted by federal law"); *Dwyer v. Fid. Nat. Prop. & Cas. Ins. Co.*, 565 F.3d 284, 289 (5th Cir. 2009) (holding that WYO not liable for attorneys' fees under Equal Access to Justice Act); *Newton v. Capital Assurance Co., Inc.*, 245 F.3d 1306, 1309-10 (11th Cir. 2001) (holding that "no-interest rule prohibits awards of prejudgment interest against WHO companies").

6